IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL HERRMANN, <br> CONCHITA HENARES HERRMANN, <br> *Plaintiffs* <br> <br> -vs- <br> <br> ERIC POINTER, BLAKE RICHARDSON, JAMES POST, CHRIS MURPHY, JEANINE CADENA, JADA MONTGOMERY, KAREN MIRACLE, KRISTEN H. HOYT, DARYL JOHN, <br> *Defendants* | § § § § § § § § § § § § § § | SA-24-CV-00764-XR <br> <br> *Consolidated with:* <br> SA:24-cv-01025-XR |

## ORDER GRANTING MOTIONS TO DISMISS

On this date, the Court considered the status of these consolidated cases, motions to dismiss filed (1) by Defendant Daryl John (ECF No. 41), (2) by Defendants Eric Pointer, James Post, Chris Murphy, Jada Montgomery, Blake Richardson, Jeanine Cadena, and Karen Miracle (ECF No. 45), and (3) by Defendant Kristen Hoyt (ECF No. 46), and the related briefing (ECF Nos. 49, 56, 59, 60, 61, 63–67).

After careful consideration, Defendants' motions to dismiss (ECF Nos. 41, 45, and 46) are **GRANTED** for the reasons stated herein.

### BACKGROUND

This consolidated cases arise out of Plaintiff John Michael Herrmann and Conchita Henares Herrmann's (1) failure to make payments on a home equity line of credit ("HELOC") that Plaintiffs obtained from the Credit Union of Texas ("CUTX") and secured by a mortgage on their property located at 2042 Carter Lane, New Braunfels, Texas, 78130 (the "Property"); and (2) failure to make property tax payments for the Property.

Plaintiffs brought the lead case in July 2024 (the "*Pointer* Action"), seeking to prevent foreclosure of the Property and alleging claims sounding in fraud against seven CUTX employees

(the "CUTX Defendants"), but not CUTX itself, based on the purportedly improper securitization of the HELOC and defective UCC filings.[1] *See Hermann v. Pointer et al.*, No. 5:24-cv-764-XR, ECF No. 1 (W.D. Tex. July 11, 2024).[2] In August, Plaintiffs filed a document entitled "Notice of Court Amendment to Claim" (ECF No. 17), which was construed as a supplemental pleading. *See* ECF No. 34 at 2.

In September 2024, apparently in anticipation of tax collection proceedings against them, Plaintiffs filed a second action involving the Property (the "*Hoyt* Action"), this time against Kristen Hoyt (the Comal County Tax Assessor-Collector) and Daryl John (the Guadalupe County Tax Assessor-Collector)[3] *See Hermann v. Hoytt et al*, No. 5:24-cv-1025-XR, ECF No. 1 (W.D. Tex. Sept. 10, 2024). Although Plaintiffs' claims are not entirely clear, they appear to allege that Hoyt and John (together, the "Tax-Collection Defendants") "abridged [Plaintiffs'] Constitutional protections, and violated federal law (abuse of process, conspiracy to deprive Constitutional rights under color of law, conspiracy to interfere with Constitutional rights, violation of oath of office, fraud, misrepresentation, misapplication of statutes, deceptive practices, treason, racketeering, conspiracy, extortion, unlawful conversion, barratry, violations of due process)." *See Hoyt* Action, ECF No. 1. Guadalupe County and Comal County ultimately initiated a lawsuit against Plaintiffs to collect delinquent property taxes attributable to Plaintiffs' property in New Braunfels, Texas. *See* No. 24-2711-CV, *County of Guadalupe v. Herrmann*, 25th District Court of Guadalupe County, Texas.

---

[1] Plaintiffs filed this lawsuit against the current and former employees of CUTX: Eric Pointer, Blake Richardson, James Post, Chris Murphy, Jeanine Caden, Jada Montgomery, and Karen Miracle.

[2] The initial pleading totaled 72 pages. The "complaint" portion of the pleading appears to be the first 35 pages and is divided into two parts; pages 1-9, which is entitled "Common-Law Tort Claim for Damages" and pages 10-35, which is entitled "Complaint and Memorandum in Support of Common Law-Tort Claim for Damages."

[3] The *Hoyt* Action was originally assigned to the undersigned but later transferred to Judge Biery for consolidation under the *Pointer* Action.

On September 20, 2024, the *Hoyt* action was administratively closed and consolidated under the *Pointer* Action, which was first filed. Judge Fred Biery then referred the consolidated cases to Magistrate Judge Henry J. Bemporad for all pretrial matters. *See Pointer* Action, ECF No. 7. These cases were then transferred to Judge Jason K. Pulliam (after Plaintiffs sued Judge Biery in another case)[4] and then to the undersigned (after Plaintiffs sued Judge Pulliam).[5]

In October 2024, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No. 31. The Court entered an order on October 31, 2024, dismissing the previous motions to dismiss filed by John and the CUTX Defendants (ECF Nos. 24, 27) and directing Defendants to answer or otherwise respond to the SAC by November 14, 2024. ECF No. 34.

The Court now considers three timely motions to dismiss the SAC, filed by the Tax-Collection Defendants (ECF Nos. 41, 46) and the CUTX Defendants (ECF No. 45).

## DISCUSSION

To begin, the Court notes that Plaintiffs are proceeding *pro se* in these matters. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Likewise, while courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with [federal procedural rules]." *U.S. Bank Nat'l Ass'n*

---

[4] *Herrmann v. Biery*, No. 5:24-cv-01195-XR, ECF No. 1 (suing Judge Fred Biery for alleged violations of civil rights, fraud, deceptive practices, treason, and conspiracy pertaining to Judge Biery's actions connected to the consolidation of 5:24-CV-01025 with 5:24-CV-00764, the subsequent administrative closure of 5:24-CV-01025, and the referral of certain pretrial matters to Magistrate Judge Henry Bemporad); ECF No. 10 (dismissing claims as barred by the doctrine of absolute judicial immunity).

[5] *Herrmann v. Pulliam*, No. 5:24-cv-01387-FB (pending).

3

*v. Johnson*, No. 1:15-CV-788-RP, 2017 WL 598499, at *2 (W.D. Tex. Feb. 14, 2017) (quoting *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995)).

Plaintiffs devote many of their over 100 pages of responsive briefing to reiterating their complaints about the consolidation of these cases and the initial referral of the cases to a U.S. Magistrate Judge for pretrial matters pursuant to 28 U.S.C. § 636. *See, e.g.*, ECF Nos. 49, 56, 60, 61, 63–67. These matters, however, are within the discretion of the trial court. The decision to consolidate actions under Rule 42(a) is "*entirely* within the discretion of the district court as it seeks to promote the administration of justice." *See Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973) (emphasis added)). Likewise, while district judges need the parties' consent to *transfer* their case to a magistrate judge, it is entirely within the discretion of the district court to *refer* a case to a magistrate judge pursuant to the limited authority accorded to magistrate judges under 28 U.S.C. § 636(b)(1)(A)–(C).[6]

Plaintiffs purport to instruct the Court on which laws it may or may not enforce, insisting that the rules of procedure not be applied to their case and rejecting the application of any law except for the Bill of Rights. *See, e.g.*, ECF No. 1 at 19 (stating that their "claim will not be wrangled into a civil case or a statute-driven cause" and dictating to the Court that it shall not be guided by the Rules of Civil Procedure, among other things). Plaintiffs' response briefs include a long discussion (titled "Story Time") in which the Plaintiffs describe the abuses of King George

---

[6] Under such referral authority, a magistrate judge can—without the consent of the parties—rule on non-dispositive motions and make recommendations to the district judge about how to rule on dispositive motions (*e.g.*, motions for judgment on the pleadings, motions for summary judgment, and motions to dismiss). 28 U.S.C. § 636(b)(1)(A)–(B). The parties' consent is not necessary because, whether the motion is dispositive or not, the parties have an opportunity to object to the Magistrate Judge's ruling or recommendation, and the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* § 636(b)(1)(C). Consent to the magistrate judge's jurisdiction is only necessary to permit a transfer of the case to the magistrate judge, allowing the magistrate to independently rule on dispositive motions, conduct any or all proceedings in a jury or nonjury civil matter, and order the entry of final judgment in the case. *Id.* § 636(c). This case has not been transferred to a magistrate judge and, accordingly, Plaintiffs' consent to the magistrate judge's involvement in this matter is immaterial.

4

of England, the abuses of the British government against its citizens and how the abuses in the British court system led to the Revolutionary War. ECF No. 49 at 4. Plaintiffs then engage in a lengthy diatribe against the United States federal court system and this Court's inability to dismiss this case without providing them a jury trial:

> No one, no motion, procedures, rules statutes, immunities, or administration can dismiss a Common-Law suit. *Resolution of the case is strictly done by a jury*, or the parties agreeing to a settlement. No judge can dismiss the case. No lawyer can ply his/her legal skills to get a case dismissed. The court isn't for legal entities. It is for common, natural, living men and women, resolving issues of their private rights.

*Id.* at 8 (emphasis added).

Federal courts have consistently held, however, that the Seventh Amendment does not guarantee a jury trial for claims dismissed under Rule 12 or Rule 56. *See, e.g.*, *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014) ("We can quickly dispose of the Haases' claim that the district court violated their Seventh Amendment right to a jury trial by granting [the] motions to dismiss. Dismissal of their claims pursuant to a valid 12(b)(6) motion does not violate their right to a jury trial under the Seventh Amendment.") (citing *Sparkman v. Am. Bar Ass'n,* 281 F.3d 1278 (5th Cir. 2001)); *see also Burditt v. Geneva Capital, LLC*, 161 F. App'x 384, at *2 (5th Cir. 2006) (The plaintiff's "contention that he was denied his Seventh Amendment right to a jury trial is meritless, because that right does not exist with regard to 'factual determinations decisive of a motion to dismiss for lack of subject matter jurisdiction.'") (quoting *Williamson v. Tucker,* 645 F.2d 404, 414 (5th Cir. 1981)).

I.  **Legal Standards**

   A.  **Rule 12(b)(1) – Dismissal for Lack of Subject Matter Jurisdiction**

Dismissal is proper under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*,

5

143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a motion under Rule 12(b)(1), the Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

"Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). In short, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.* at 413.

>    B.    **Rule 12(b)(6) – Dismissal for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## II. Analysis

### A. Claims Against the Tax-Collection Defendants (ECF Nos. 41, 46)

The Tax Collector Defendants assert that the claims against them should be dismissed because (1) Plaintiffs have abandoned their claims by failing to assert any specific factual allegations against either Tax-Collector Defendant in the SAC (or incorporate their previous pleading by reference), and (2) Plaintiffs' claims are barred by the Tax Injunction Act, 28 U.S.C. § 1341 (the "Act" or "TIA"). ECF No. 41 at 2–3, 5–6; ECF No. 46 at 6–7.[7]

The Tax-Collection Defendants correctly point out that the mere naming of a defendant is insufficient to state a claim for relief, regardless of whether the plaintiffs are acting *pro se*. *See e.g.*, *Miller v. Meachum*, No. 3:22-CV-1538-B-BH, 2022 WL 3223876, at *3 (N.D. Tex. July 20, 2022), *report and recommendation adopted*, No. 3:22-CV-1538-B-BH, 2022 WL 3213875 (N.D. Tex. Aug. 9, 2022), *aff'd*, No. 22-10776, 2022 WL 4534967 (5th Cir. Sept. 28, 2022) ("Plaintiff's complaint contains no allegations whatsoever concerning USA. He has therefore failed to state a

---

[7] John also argues that Plaintiffs' claims against him are barred by governmental immunity and otherwise fail to state a claim under Rule 12(b)(6). ECF No. 41 at 7–9. Because the Court concludes that it lacks subject matter jurisdiction over Plaintiffs' claim, it does not reach these arguments.

claim against him."). Moreover, it is true that "[a]n amended complaint supersedes" prior complaints "unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Stewart v. City of Houston Police Dep't*, 372 F. App'x 475, 478 (5th Cir. 2010) (quoting *Stewart v. City of Houston Police Dep't*, 372 F. App'x 475, 478 (5th Cir. 2010)); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). However, some courts overlook abandonment in the case of a *pro se* plaintiff. *See, e.g.*, *Brock v. Walden Univ. & Affiliates*, No. CV 22-125, 2023 WL 5426742, at *4 (W.D. La. Mar. 30, 2023), *appeal dismissed sub nom. Brock v. Walden Univ., LLC*, No. 23-30689, 2024 WL 1694806 (5th Cir. Apr. 19, 2024) (declining to construe amended complaint as waiving prior claims).

Regardless of Plaintiffs' intent to abandon their claims against the Tax-Collection Defendants, the Tax Injunction Act bars them from pursuing such claims in federal court. The TIA is a "broad jurisdictional impediment to federal court interference with the administration of state tax systems." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (1998) (quoting *United Gas Pipe Line Co. v. Whitman*, 595 F.3d 323, 326 (5th Cir. 1979)). It provides, in relevant part: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

Thus, the TIA bars the district court from asserting jurisdiction unless the State fails to supply a plain, speedy and efficient remedy for the taxpayer's claim. *Smith v. Travis Cnty. Educ. Dist.*, 968 F.2d 453, 456 (5th Cir. 1992). The Fifth Circuit has addressed the adequacy of Texas remedies under § 1341 for such claims, and have found them to be "plain, speedy and efficient." *See McQueen v. Bullock*, 907 F.2d 1544, 1548 n.9 (5th Cir. 1990). Further, "the plain language of the [TIA]'s jurisdictional limitation is not focused on taxes only, but rather the broader activities

8

of assessing, levying, and collecting taxes." *Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP*, 338 F.3d 442, 444 (5th Cir. 1979). Selling property "in order to collect delinquent taxes," which seems to be the act at issue here, is included as a "mechanism of tax collection. *Hammonds v. Dallas County*, 815 F. App'x 787, 788 (5th Cir. 2020). Because Texas state courts provide a procedural vehicle for taxpayers' federal constitutional claims, including a "full hearing and judicial determination, with ultimate review available in the United States Supreme Court," Texas provides an adequate remedy for Plaintiffs' claims and defenses bearing on their tax liability as well. *Smith*, 968 F.2d at 456.

Accordingly, the Tax-Collection Defendants' motions to dismiss (ECF Nos. 41, 46) are **GRANTED**, and Plaintiffs' claims against them are **DISMISSED** for lack of subject matter jurisdiction.

### B.     Claims against the CUTX Defendants (ECF No. 45)

The CUTX Defendants move to dismiss Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and, alternatively, for failure to state a claim under Rule 12(b)(6). Plaintiffs assert that the CUTX Defendants do not have standing to foreclose on the Property and that Plaintiffs previously conveyed the Property to a private owner. *See* ECF No. 31.[8]

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" (federal question jurisdiction), or over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

---

[8] Plaintiffs argue that CUTX conveyed the promissory note to CUTX Debt Securities1-2022. ECF No. 31 at 2.

The SAC does not contain any citizenship allegations that would permit the Court to conclude that there is complete diversity of citizenship in this case. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

Plaintiffs appear to assert that the Court has federal question jurisdiction pursuant to several federal criminal statutes, including the federal criminal statutes governing mail and wire fraud (18 U.S.C. §§ 1341, 1343), false statements to federal agencies (18 U.S.C. § 1001), and conspiracy to violate civil rights (18 U.S.C. §§ 241–42). *See* ECF No. 1 at 28–29. None of these statutes, however, creates a private civil right of action. *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (neither mail fraud statute nor wire fraud act creates a right of action enforceable by private parties); *Thomas v. Abebe*, 833 F. App'x 551, 555 (5th Cir. 2020) (per curiam) (district court "correctly held" that the appellant did not have a private right of action under 18 U.S.C. § 1001); *Johnson v. Fed. Bureau of Investigation*, No. CV H-16-1337, 2016 WL 9776489, at *3 (S.D. Tex. Nov. 17, 2016) ("18 U.S.C. §§ 241, 242, and 245 . . . do not provide a private right of action"); *Menefee v. Houston Police Dep't*, No. 4:14-CV-01705, 2016 WL 3093131, at *4 (S.D. Tex. May 11, 2016) ("prosecution of an action under 18 U.S.C. § 242 lies solely within the discretion of the Office of the United States Attorney General, leaving plaintiffs with no private right of action under that statute").[9]

---

[9] Federal criminal statutes do not automatically create a private right of action. Rather, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975); *see also Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another).

Plaintiffs purport to assert claims under the federal common law,[10] but those claims are not cognizable in this context.[11] Federal courts may "appropriately craft the rule of decision" in "only limited areas," such as such as admiralty disputes and certain controversies between States. *Rodriguez v. Fed. Deposit Ins. Corp.*, 589 U.S. 132, 136 (2020). Beyond those cases, "before federal judges may claim a new area for common lawmaking, strict conditions must be satisfied." *Id.* "In the absence of congressional authorization, common lawmaking must be 'necessary to protect uniquely federal interests.'" *Id.* (citing *Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640 (1981)). No such interests exist here. *See Davidson v. FDIC*, 44 F.3d 246, 252 (5th Cir. 1995) (holding that even the objective of "reduc[ing] the monetary exposure of the federal deposit insurance fund" is insufficient to preempt Texas foreclosure laws).

Plaintiffs' allegations against the CUTX Defendants do not invoke or establish federal court jurisdiction.[12] Because Plaintiffs' complaint does not allege a viable federal cause of action, it fails to establish a basis for federal subject matter jurisdiction. Accordingly, the Court has no authority to adjudicate the allegations in the SAC against the CUTX Defendants, and those claims are **DISMISSED**.

---

[10] *See* ECF No. 49 at 2 ("Given our multiple attempts to provide you clarity on what is an Article III, Constitutional, Common-Law venue, it's apparent you are intellectually impervious to the concept.").

[11] As the Supreme Court explained in *Erie R. Co. v. Tompkins*, "[t]here is no federal general common law." 304 U.S. 64, 78 (1938). "Federal courts, unlike state courts, are not general common-law courts and do not possess a general power to develop and apply their own rules of decision." *City of Milwaukee v. Illinois & Michigan*, 451 U.S. 304, 312 (1981) (citing *Erie*, 304 U.S. 78). "[F]ederal common law causes of action . . . exist when a federal rule of decision is 'necessary to protect uniquely federal interests'" or "when Congress has given the courts the power to develop substantive law." *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 926–27 (5th Cir. 1997) (quoting *Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 426 (1964)); *Rodriguez v. Fed. Deposit Ins. Corp.*, 589 U.S. 132, 136 (2020) ("Judicial lawmaking in the form of federal common law plays a necessarily modest role under a Constitution that vests the federal government's 'legislative Powers" in Congress and reserves most other regulatory authority to the States.") (citing Art. I, § 1; Amdt. 10).

[12] Moreover, it appears that Plaintiffs have already asserted identical theories of liability against CUTX. *See Herrmann v. Credit Union of Tex.*, No. 04-24-00848-CV, 2025 WL 615397, at *1 (Tex. App. Feb. 26, 2025), *review denied* (June 13, 2025) (dismissing appeal from the trial court's order granting CUTX's application for an expedited court order allowing foreclosure of a lien securing a home equity loan pursuant to Texas Rule of Civil Procedure 736, which expressly disallows appeals from orders allowing foreclosure under that rule). Thus, even assuming the Court had subject matter jurisdiction, Plaintiffs' claims for injunctive relief would appear to be moot.

### III.   Denial of Leave to Amend

The decision to grant or deny a motion to amend is within the sound discretion of the trial court. *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). In exercising its discretion, courts consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *Id.* For futility, "[a]n amendment is futile if it would fail to survive a Rule 12(b)(6) motion."

Plaintiffs have already been afforded multiple opportunities to supplement and amend their complaint in response to Defendants' motions to dismiss. *See, e.g.*, ECF Nos. 17, 31. Permitting Plaintiffs to replead their case would undoubtedly prejudice Defendants, most of whom have already moved to dismiss this case multiple times in the nearly year-long pendency of this action. *See* ECF Nos. 27, 45 (CUTX Defendants' motions); ECF Nos. 24, 41 (John's motions).

Finally, permitting any further amendments would be futile because Plaintiffs' claims challenging the assignment of the HELOC to a securitization trust and recording of the security instrument are meritless. *See, e.g.*, *Seaforth v. Loancare, LLC*, No. 5:24-CV-576-FB-RBF, 2024 WL 4906781, at *5 (W.D. Tex. Nov. 14, 2024), *report and recommendation adopted*, No. CV SA-24-CA-00576-FB, 2024 WL 4906759 (W.D. Tex. Nov. 26, 2024) (the "theory that any securitization of [a] loan rendered the note and accompanying deed of trust unenforceable and discharged [the borrower's] obligations under them . . . [is] without merit") (quoting *Marban v. PNC Mortg.*, No. 3:12-cv-3952-M, 2013 WL 3356285, at *10 (N.D. Tex. July 3, 2013)).

## CONCLUSION

After careful consideration, Defendants' motions to dismiss (ECF Nos. 41, 45, 46) are **GRANTED**, and Plaintiffs' claims are **DISMISSED**. Plaintiffs' motion to file Electronically (ECF No. 70) is denied as moot,

The Clerk is **DIRECTED** to **CLOSE** this case (5:24-cv-764-XR) and the member case (5:24-cv-1025-XR). A final judgment will issue pursuant to Rule 58.

The Clerk is **FURTHER DIRECTED** to a mail a copy of this Order and the Final Judgment to John Michael Herrmann and Conchita Henares Herrmann at 2745 Westpointe Dr. #19203, New Braunfels, TX 78132.

It is so **ORDERED**.

**SIGNED** this 18th day of June, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE